# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANDREW PEREZ, | CV F   06-00846 AWI DLB HC |
| Petitioner, | ORDER VACATING ORDER TO RESPOND AND DIRECTING PETITIONER TO SHOW CAUSE WHY MOTION FOR STAY SHOULD BE GRANTED |
| v. | |
| C. CHRONES, Warden, | [Docs. 2, 14] |
| Respondent. | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed the instant petition for writ of habeas corpus on July 5, 2006. On this same date, Petitioner filed a motion to stay.

  On October 17, 2006, the Court issued an order for Respondent to respond to the petition. However, Petitioner's motion for a stay has not yet been resolved. Accordingly, the Court will vacate the order to respond in order to resolve Petitioner's motion for a stay.

  In his motion for a stay, Petitioner requests that the Court stay the petition pending a state habeas corpus petition that is pending at the state court.

  In <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. The Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535.

Although Petitioner indicates that he has already filed a petition for writ of habeas corpus, and that the statute of limitations may have expired, Petitioner does not provide sufficient information for the Court to determine whether a stay under Rhines should be granted. Specifically, Petitioner does not state when the petition was filed, what court it was filed in, or what claims he is attempting to exhaust.[2] Accordingly, Petitioner is directed to show cause why the motion for a stay should be granted.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's October 17, 2006, order to respond is VACATED; and
2. Within thirty (30) days from the date of service of this order, Petitioner shall respond to the order to show cause as why the motion for a stay should be granted

IT IS SO ORDERED.

**Dated:  November 8, 2006**            /s/ **Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

[2] Additionally, if Petitioner has failed a state petition for writ of habeas corpus, Petitioner should provide the status of such petition.