# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANDREW PEREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. CHRONES, Warden,<br><br>　　　　　Respondent.<br>_____/ | CV F   06-00846 AWI DLB HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY PETITION<br><br>[Doc. 2] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on July 5, 2006. (Court Doc. 1.) On this same date, Petitioner filed a motion to stay the petition in abeyance pending exhaustion in state court. (Court Doc. 2.) On October 17, 2006, the Court directed Respondent to submit a responsive pleading to the petition. (Court Doc. 14.) On November 8, 2006, the Court vacated the October 17, 2006, order to respond, as the Court became aware that Petitioner's motion to stay the petition had not been ruled on, and the Court issued an order to show cause why the motion to stay should be granted. (Court Doc. 15.) That order was inadvertently not served on Respondent. (Id.) On December 12, 2006, Petitioner filed an extension of time to respond to the Court's November 8, 2006, order to show cause. (Court Doc. 16.) Because Respondent was inadvertently not served with the Court's November 8, 2006, order, vacating the order to respond, Respondent filed a motion to dismiss the instant petition on

December 15, 2006, on untimeliness grounds. (Court Doc. 18.) On January 18, 2007, Petitioner filed a response to the Court's November 8, 2006, order to show cause. (Court Doc. 23.)

In his response, Petitioner contends that he seeks to exhaust two new claims: 1) ineffective assistance of trial and co-counsel; and 2) insufficient evidence to support that he was the shooter. (Response, at 3.) Petitioner states that he discovered these additional claims upon showing his case to another person and upon further investigation into his case. (Response, at 2, 7.)

The current petition before the Court is a "mixed" petition, as Petitioner has not exhausted Grounds Three or Four of the petition. In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 270.

As stated by Petitioner, Petitioner has raised the new claims to the Kern County Superior Court by way of a petition for writ of habeas corpus filed July 10, 2006. (Response, at 2-3; Lodged Doc. 8.) The petition was denied on October 13, 2006. (Response, at 3; Lodged Doc. 9.) Petitioner has yet to file any petitions in the California Court of Appeal or California Supreme Court. (Response, at 3.)

As Petitioner states in his response to the order to show cause, he is concerned that the statute of limitations may have expired, which is why he filed the federal petition in this Court. A stay is appropriate based on Petitioner's claim that he just discovered the claim through his reasonable investigation which is not unreasonable on its face as no direct appeal was filed and demonstrates good cause for his failure to previously raise the claim. Although the claims were denied by the Superior Court, the Court cannot say that the new claims are not at least "colorable"

and are not plainly meritless, and there is no evidence that Petitioner has sought stay and abeyance in an attempt to delay the instant proceedings as Petitioner has already filed a petition raising the new claims in the Superior Court.  Therefore, it is possible that federal review of the new claims could be forfeited if not eventually included in this petition.  Further, in the interests of comity and litigating all federal issues in one action, a stay-and-abeyance order would be appropriate to allow the state court to decide the matter first, and then allow this Court to resolve all claims in one action.  Although the Court notes that the determination of whether the statute of limitations has expired prior to the exhaustion of the new claims is critical to whether these claims can even be heard in this Court.  However, in determining whether a stay is warranted at the time Petitioner filed his motion, the Court will not resolve the potential defense.  Rather, the Court will determine whether Petitioner has demonstrated a satisfactory showing to warrant a stay.  Whether Petitioner will actually be able to proceed with these new claims or the original claims under § 2241(d)(1)(D) (statute of limitations) will be determined at a later date.[1]  Therefore, a later determination that the new or original claims may be found to be barred by the statute of limitations does not impact the instant finding.

However, the Court will not indefinitely hold the petition in abeyance.  Rhines, 544 U.S. at 277-278.  Petitioner must inform the Court no later than thirty (30) days after the date of service of this order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[2]  Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every ninety (90) days thereafter as to the status of the state court proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion for leave to amend the petition to include the newly exhausted claim.[3]  Failure to

---

[1] Thus, Petitioner is advised that the instant grant of a stay in no way resolves whether the statute of limitations has or has not expired.

[2] The filing should be titled: "Status Report."

[3] Since the instant petition is "mixed," the Court is not requiring Petitioner to withdraw the unexhausted claims, prior to granting the stay.  The Ninth Circuit Court of Appeals has suggested, without specifically deciding, that Rhines can arguably be read to authorize a stay as an alternative to the dismissal requirement under Rose v. Lundy, 455 U.S. 509 (1982).  See Jackson v. Roe, 425 F.3d 654, 657-61 (9th Cir. 2005).  In this instance, as the difference in procedure appears more technical than substantive, the Court will grant the stay without requiring the

comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

## ORDER

Based on the foregoing, it is ORDERED that:

1. Petitioner's motion for a stay be GRANTED;
2. Because the order to respond was vacated, Respondent's motion to dismiss the instant petition is STRICKEN from the record, to be re-filed at a subsequent date;
3. Within thirty (30) days from the date of service of this order, Petitioner must inform the Court of the filing in the state court, the date the petition was filed, and any outcomes; and
4. Petitioner must file a status report every ninety (90) days thereafter as to the status of the state court filings.

IT IS SO ORDERED.

Dated:   **February 6, 2007**          /s/ **Dennis L. Beck**
3b142a                                      UNITED STATES MAGISTRATE JUDGE

---

unexhausted claim be dismissed without prejudice to re-filing after exhaustion.