# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANDREW PEREZ, | CV F 06-00846 AWI DLB HC |
| Petitioner, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| C. CHRONES, Warden, | [Docs. 24, 28] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 7, 2007, this Court granted Petitioner's motion to stay the petition in abeyance while state court remedies were exhausted. Petitioner was directed to file an initial status report within thirty (30) days from the date of service of that order, and then every ninety days thereafter. On March 9, and March 23, 2007, Petitioner filed motions for an extension of time to file his state habeas petition. On April 3, 2007, the Court granted Petitioner's motions and a status report was due on or before May 7, 2007. (Court Doc. 27.) Petitioner failed to file a status report or otherwise respond to the Court's order; therefore, on May 30, 2007, the Court issued an order to show cause why the action should not be dismissed for failure to comply with a court order. (Court Doc. 28.) Once again, Petitioner failed to respond to the Court's order to show cause. Accordingly, dismissal of the action is warranted.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since July 5, 2006. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute. This Finding and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,

1 Eastern District of California.  Within fifteen (15) days after being served with a copy, any party
2 may file written objections with the court and serve a copy on all parties.  Such a document
3 should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  Replies
4 to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by
5 mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling
6 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
7 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
8 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9     IT IS SO ORDERED.

10     Dated:   **July 21, 2007**               /s/ **Dennis L. Beck**
                                                                          UNITED STATES MAGISTRATE JUDGE