# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANDREW PEREZ,<br><br>        Petitioner,<br><br>   v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>        Respondent.<br>_____/ | CV F   06-00846 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 54] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

Petitioner pled guilty to first degree murder with an arming enhancement. On May 24, 2002, he was sentenced to an indeterminate state prison term of life without the possibility of parole, plus an indeterminate state prison term of twenty-five years to life for the enhancement. (Lodged Doc. 1.) Petitioner did not appeal his sentence.

Petitioner subsequently filed eight pro se state post-conviction collateral petitions, all petitions for writ of habeas corpus, as follows:

First Petition
Filed: March 10, 2004, in the Kern County Superior Court (Lodged Doc. 2)
Denied: March 22, 2004 (Lodged Doc. 3)

---

[1] Respondent indicates that Anthony Hedgpeth is the current Warden of Kern Valley State Prison and not C. Chrones, the named Respondent in this case.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Warden Hedgpeth is substituted as Respondent in place of C. Chrones.  See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Second Petition
Filed: May 13, 2004, in the California Court of Appeal, Fifth Appellate District (Lodged Doc. 4)
Denied: May 20, 2004 (Lodged Doc. 5)

Third Petition
Filed: August 13, 2004, in the California Supreme Court (Lodged Doc. 6)
Denied: June 29, 2005 (Lodged Doc. 7)

Fourth Petition
Filed: July 10, 2006, in the Kern County Superior Court (Lodged Doc. 8)
Denied: August 2, 2006 (Lodged Doc. 9)

Fifth Petition
Filed: November 16, 2006, in the California Court of Appeal, Fifth Appellate District (Lodged Doc. 10)
Denied: November 30, 2006 (Lodged Doc. 11)

Sixth Petition
Filed: March 20, 2007, in the California Court of Appeal, Fifth Appellate District (Lodged Doc. 12)
Denied: March 29, 2007 (Lodged Doc. 13)

Seventh Petition
Filed: August 2, 2007, in the California Supreme Court (Lodged Doc. 14)
Denied: January 16, 2008, citing In re Clark, 5 Cal.4th 750 (1993); In re Robbins, 18 Cal.4th 770, 780 (1998); In re Miller, 17 Cal.2d 734 (1941) (Lodged Doc. 17)

Petitioner filed the instant federal petition for writ of habeas corpus on July 5, 2006. Respondent filed the instant motion to dismiss on September 19, 2008. (Court Doc. 54.) Petitioner filed an opposition on January 9, 2009. (Court Doc. 59.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

2

1  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
2  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
3  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
4  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
5  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.
6  Supp. at 1194 & n. 12.
7       In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
8  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion
9  to dismiss pursuant to its authority under Rule 4.
10 B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus
11      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
12 of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
13 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
14 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118
15 S.Ct. 586 (1997).  The instant petition was filed on July 5, 2006, thus, it is subject to the
16 provisions of the AEDPA.
17      The AEDPA imposes a one year period of limitation on petitioners seeking to file a
18 federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,
19 subdivision (d) reads:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>
>       (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was sentenced on May 24, 2002 and he did not file an appeal. Pursuant to Rule 31(a) (renumbered to rule 8.308) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not file a notice of appeal his direct review concluded on July 23, 2002, sixty (60) days after the time for filing an appeal expired. Thus, Petitioner had one year from July 24, 2002, in which to file his federal Petition for Writ of Habeas Corpus. See Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998); see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Thus, the last day to file a federal petition was July 23, 2003, plus any time for tolling.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,

4

546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.  The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

Here, Petitioner did not file any state post-conviction collateral petitions within the limitations period and the first collateral petition was not filed until March 10, 2004, nearly eight months after the limitations period expired.  Because the limitations period had already expired, the collateral challenges have no tolling consequence.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  In addition, the seventh and eighth state petitions were explicitly found untimely by the California Supreme Court, as they were denied with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998), and do not toll the limitations period.  See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (finding that a petition denied as untimely is not properly filed and cannot toll the limitations period); see also Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007) (holding that the California Supreme Court's citation to Robbins was a clear ruling that the petition was untimely).

D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d at 541, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner argues he should be entitled to equitable tolling for the following reasons: delay in receiving state court transcripts until October 2003, lack of knowledge and education of the law, lockdowns at the prison, lack of legal assistance, and counsel's failure to advise him of the right to appeal.  Petitioner has failed to make a sufficient

showing of entitlement to equitable tolling.[2]

The mere fact that Petitioner did not receive his transcripts until October 2003, simply fails to demonstrate a basis for equitable tolling. Petitioner has failed to make any showing of why the transcripts were a necessary prerequisite to filing a collateral petition. Indeed, Petitioner was present during his plea and sentence and knew or should have known of the asserts facts which are the basis of the claims presented here. This action is proceeding on Petitioner's second amended petition, which raises the following four claims: (1) his guilty plea was forced and involuntarily in violation of the Sixth and Fourteenth Amendments; (2) ineffective assistance of counsel in delay in receiving transcripts and failing to file appeal on his behalf or advise so; (3) ineffective assistance of counsel in denying opportunity to present meaningful defense; and (4) insufficient evidence that Petitioner was the shooter. (Second Amended Petition, at 6-8.) Given the nature of Petitioner's claims, it is clear Petitioner could have filed a collateral petition even if he did not have a copy of the transcripts.

Although the Ninth Circuit has observed that an inability to obtain transcripts and/or access to legal file may warrant equitable tolling in certain circumstances, this is only when the record shows that such inability actually prevented the prisoner from seeking habeas relief. See e.g. United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004); Lott v. Mueller, 304 F.3d 918, 924-925 (9th Cir. 2005). In this instance, Petitioner has failed to explain why or how the lack of transcripts actually prevented him from pursuing state and federal habeas relief in a timely fashion. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (a lack of transcripts cannot be found to be an extraordinary circumstance without an explanation of why they were needed to prepare and file a habeas petition). Petitioner presents no evidence to demonstrate that he was unable to consult his own memory and cannot now claim that he was

---

[2] Petitioner also claims that he is entitled to the benefit of the mailbox rule and the application of the rule established in Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001), which allows an additional thirty days of tolling following the denial of a Petition for Writ of Habeas Corpus in the California Supreme Court. However, California Rule of Court 24 was amended effective January 1, 2003. The amended rule provides that rulings by the California Supreme Court on petitions become "final on filing." Cal. R. Ct. 29.4(b)(2). The rule of Bunney is applicable only to Petitions reviewed by the California Supreme Court prior to January 1, 2003. Because the Supreme Court's decision was issued after January 1, 2003, the California Supreme Court's denial is final upon issuance. Moreover, because the mailbox rule does not benefit Petitioner in this instance, it need not and will not be applied.

1  unaware of the factual predicate of his claims.  See e.g. United States v. Battles, 362 F.3d 1195,
2  1198 (9th Cir. 2004) ("Surely due diligence requires that [Petitioner] at least consult his own
3  memory of the trial proceedings.).
4      In addition, a petitioner's lack of legal sophistication is not, by itself, an extraordinary
5  circumstance warranting equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
6  2006).  Likewise, the lack of legal assistance is generally insufficient to justify tolling the statute
7  of limitations.  See Hughes v. Idaho Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).
8      Petitioner raises in conclusory terms that there were lockdowns which contributed to his
9  delay.  However, Petitioner fails to demonstrate that any lockdowns occurred during the
10 limitations period.  Petitioner's vague claim that lockdowns hindered his ability to file a timely
11 petition is insufficient to justify equitable tolling.  Occasional lockdowns are experienced by all
12 inmates attempting to file collateral petitions.  Accordingly, such circumstances are not
13 extraordinary and do not warrant equitable tolling.  See United States v. Van Poyck, 980 F.Supp.
14 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and
15 lockdowns at prison lasting several days and allegedly eliminating access to law library were not
16 extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v.
17 Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and
18 transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]
19 statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such
20 matters into account when calculating when to file a federal [habeas] petition.... Petitioner's
21 alleged lack of legal sophistication also does not excuse the delay."); Giraldes v.
22 Ramirez-Palmer, 1998 WL 775085, *2 (N.D. Cal.1998) (holding that prison lockdowns do not
23 constitute extraordinary circumstances warranting equitable tolling).
24     In addition, to the extent Petitioner contends that his trial counsel failed to advise him of
25 his right to appeal and/or ability to seek collateral review, does not present an extraordinary
26 circumstances to justify equitable tolling.  At most, this alleged action or inaction would
27 constitute mere negligence.  It is well established that an attorney's ordinary negligence does not
28 rise to the level of "extraordinary circumstances."  See Spitsyn v. Moore, 345 F.3d 796, 800 (9th

Cir. 2003); <u>Miranda v. Castro</u>, 292 F.3d 1063, (9th Cir. 2002) (an attorney's negligence or inadvertence does not provide grounds to justify equitable tolling); <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[counsel's] negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling."); <u>Culver v. Director of Corr.</u>, 450 F.Supp.2d 1135, 1142 (C.D. Cal. 2006) ("To the extent that Petitioner claims his attorney is responsible for any delay because counsel allegedly failed to file a petition for review on direct appeal and failed to advise Petitioner of the AEDPA deadline, he has not met his burden to show he is entitled to equitable tolling.").

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;

2. The instant petition for writ of habeas corpus be DISMISSED with prejudice; and

3. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 23, 2009**          **/s/ Dennis L. Beck**
                               UNITED STATES MAGISTRATE JUDGE